## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMY PARKER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   No. 09-2140-CM |
| | ) |
| WAL-MART STORES, INC, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## **MEMORANDUM AND ORDER**

Plaintiff Amy Parker brings this slip-and-fall action in diversity against defendant Wal-Mart, claiming defendant was negligent. The case comes before the court on Defendant Wal-Mart's Motion to Exclude the Expert Testimony of Mr. Kendzior (Doc. 19), filed January 18, 2010; and Defendant Wal-Mart's Motion to Exclude the Expert Testimony of Dr. Palmeri (Doc. 24), filed February 4, 2010. Plaintiff failed to timely respond to either motion, and this court issued an order to show cause why the motions should not be granted pursuant to Local Rule 7.1. Plaintiff's response to the show-cause order indicated that, although a response had been prepared and was believed to have been timely filed, such response, through inadvertence, had not in fact been filed. The court has considered plaintiff's response to the motions. Plaintiff's response indicates plaintiff has no objection to defendant's motion to exclude Dr. Palmeri's report. That motion (Doc. 24), is therefore granted. For the reasons set out below, the court also grants defendant's motion to exclude the testimony of Mr. Kendzior (Doc 19).

**I.**   **Factual Background**

    The parties agree that plaintiff was in the Shawnee, Kansas, Wal-Mart shopping on June 16,

2007. Plaintiff reported on the day of the accident that she slipped in water. Plaintiff had lumbar infusion surgery performed after her slip and fall.

In her complaint, plaintiff alleges that the roof of the store had a leak and defendant failed to fix the leak; failed to provide a safe place for customers; and failed to warn despite its knowledge of the dangerous condition. Plaintiff also alleges that the way defendant operated its store made the probability of slip injuries very likely. This negligent mode of operation included allowing people to walk around the store with drinks in hand; only cleaning the floor sporadically; and inadequately staffing maintenance personnel. As a result, many people were injured due to liquid on the floor, including plaintiff.

Plaintiff seeks to offer the testimony of slip-and fall-expert Mr. Kendzior, who is prepared to opine, among other things, that defendant's mode of operation was negligent. Defendant seeks to exclude the proffered expert testimony of Mr. Kendzior as improper expert testimony under Federal Rules of Evidence and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).[1]

## II. Standards

Federal Rule of Evidence 702 states that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

---

[1] Defendant asserts that Kendzior's testimony should be excluded because (1) it is not "expert" opinion; (2) it is not necessary to assist the trier of fact under Rule 702; (3) it is not relevant under Rule 401; and/or (4) its probative value is substantially outweighed by its risk of undue prejudice and should be excluded pursuant to Rule 403.

This rule reflects the court's gatekeeping function under *Daubert*, 509 U.S. at 592 (1993),[2] which requires the court to determine whether expert testimony will assist the trier of fact. This inquiry requires the party advancing the expert testimony to establish both its reliability and relevance. *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 883 (10th Cir. 2005); *Guang Dong Light Headgear Factory Co. v. ACI Int'l, Inc.*, No. 03-4165-JAR, 2008 WL 170310, at *2 (D. Kan. Jan. 17, 2008); *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999) (recognizing that expert testimony is only admissible "if it is both relevant and reliable.").

Reliability analysis applies to all aspects of the expert's testimony, including the facts underlying the opinion, the methodology, and the link between the facts and the conclusion drawn. *Starling v. Union Pac. R. Co.*, 203 F.R.D. 468, 475 (D. Kan. 2001) (citing *Heller v. Shaw Indus.*, 167 F.3d 146, 155 (3d Cir. 1999)). Consequently, the court must make a practical, flexible analysis of the reliability of the testimony, considering relevant factors and the circumstances of the case. *See, e.g., Kumho Tire*, 526 U.S. at 149–52. The court has discretion how to approach the task of making reliability findings. *Kumho Tire*, 526 U.S. at 152; *Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000).

And, while the rejection of expert testimony is the exception rather than the rule, *Daubert*, 509 U.S. at 595, the court will not allow expert testimony that invades the province of the jury or renders opinions on issues of law. *See Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1988). With these standards in mind, the court evaluates Mr. Kendzior's affidavit and deposition testimony excerpts.

---

[2] Kansas does not apply the *Daubert* test for scientific evidence. Rather, it applies the "general acceptance" test set out in *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923) superseded by Fed. R. Evid. 702 as stated in Daubert, 509 U.S. at 588–89. *See State v. Haddock*, 897 P.2d 152, 166 (Kan. 1995), abrogated on other grounds by *State v. James*, 79 P.3d 169 (Kan. 2003); *Armstrong v. City of Wichita*, 907 P.2d 923, 929 (Kan. Ct. App. 1995).

## III. Discussion

According to his affidavit, Russell J. Kendzior is the founder, CEO, and president of Traction Experts, Inc., and the National Floor Safety Institute ("NFSI"); and is an "internationally recognized slip, trip and fall expert." (Doc. 20-1, at 2.) He is the "author of the best-selling book 'Slip and Fall Prevention Made Easy,'" and another book is forthcoming. His qualifications include the fact that, in the past, he has been hired by Wal-Mart, among other plaintiffs and defendants, to "represent their interests" in slip-and-fall cases. At plaintiff's request, he intends to offer opinions that (1) "the mode of operation of the defendant was one which would predictably result in people slipping and falling . . . [(2)] this mode of operation was negligent in and of itself"; (3) in plaintiff's case, "the store employees were negligent in failing to perform adequate timely sweeps of the floor in the area where plaintiff had fallen"; and (4) "the number of employees [defendant] hired . . . to do the floor sweeps was inadequate to keep the floor in a reasonably safe condition." *Id*. He appears to base these third and fourth opinions on the number of other slips and falls occurring at defendant's Shawnee, Kansas store in the two-year period preceding plaintiff's fall; and the number of employees working, relative to the size of the building and the work they were expected to do. *Id*. Finally, he opines that "it is evident that the water was on the floor for a period of at least several hours" and, had adequate floor sweeps occurred, it would have been detected and removed. *Id*.

Defendant asserts that Mr. Kendzior's testimony should be excluded because it is not expert opinion based on technical or specialized knowledge, it is not based on any industry standard or scientific testing, and it will not assist the jury in determining any disputed fact. Additionally, defendant claims any probative value Mr. Kendzior's opinion may have is outweighed by its prejudicial effect.

Under the mode-of-operation rule, a proprietor would be liable for a dangerous condition

-4-

caused by a third party, absent actual or constructive notice of the condition, where, based on the mode of operation, the proprietor could reasonably foresee that the dangerous condition could regularly occur. *Hembree v. Wal-Mart of Kansas*, 35 P.3d 925, 927–28 (Kan. Ct. App. 2001); *See Jackson v. K-Mart Corp.*, 840 P.2d 463, 470 (Kan. 1992) (holding that proprietors are liable in mode-of-operation cases only if they adopted mode of operation which made recurring dangerous conditions reasonably foreseeable and failed to exercise reasonable care under circumstances).

In such cases, expert opinion may be admissible regarding maintenance and reasonable modes of operation. *See Elrod v. Walls, Inc.*, 473 P.2d 12, 17 (Kan. 1970) (upholding admission of expert testimony in case arising from a slip and fall in the produce aisle at a grocery, where longtime company produce supervisor opined on what a reasonable proprietor operating a store the size and volume of the defendant's would do to maintain the floor in a produce area; opined it would be reasonable to "have a regular sweeping schedule where the store is swept, entire store, at regular intervals during the day and in the produce department, especially during the high traffic periods, it should be swept at more frequent intervals, and they should also have somebody that's responsible for keeping the produce area in a good clean state.")

At first glance, Mr. Kendzior's opinions identified as Nos. (1) and (4) above, that is, that defendant's mode of operation would predictably result in people slipping and falling; and that the number of employees hired to do floor sweeps was inadequate to keep the floor in a reasonably safe condition, might qualify as permissible expert testimony. The court finds, however, that plaintiff has failed to establish that these opinions are based on reliable data or sufficient facts as required by Rule 702 and *Daubert*.

Mr. Kendzior admits that he did not know when the floor area was last checked by any employee (Doc. 20-2, at 5); he has no knowledge of how many maintenance people were on duty

around the time of the accident (Doc. 20-2 at 13); and no industry guideline supports his opinion that the number of employees was inadequate (Doc. 20-2, at 14). He appears to agree that his opinion that the number of employees was inadequate is a "personal opinion." (Doc. 20-2, at 17.)

In reaching the conclusion that defendant's mode of operation was inadequate, Mr. Kendzior admittedly did not rely on any industry standards. (Doc. 20-2, at 3–4.) Rather, he looked to the number of slip-and-fall incidents that had occurred at defendant's Shawnee, Kansas store within the last two years. However, he knew none of the details of any of these incidents, including what the condition of the floor was or whether defendant was at fault or how many employees were working. He admits that he knows no data or information that could be used as a reliable source to compare the number of slip-and fall-claims as either being average, above average, or below average in relation to the size of the building or the customer count. And he had no information regarding the customer traffic in defendant's store around the time of the incident. (Doc. 20-2, at 18–21.)

Opinions identified as Nos. (2) and (3), supra—that is, that defendant's mode of operation was negligent and defendant's employees were negligent, are also not permissible. An expert may not simply tell the jury what result it should reach. *United States v. Simpson*, 7 F.3d 186, 188 (10th Cir. 1993). These two opinions, as expressed in Mr. Kendzior's affidavit (Doc. 20-1; 30-2), appear to do just that. This court will exclude expert testimony that merely states a legal conclusion, usurps the function of the jury in deciding facts, or interferes with the judge in instructing on the law. Such evidence is not helpful to the jury to understand the evidence or to determine a fact in issue. *Simpson*, 7 F.3d at 188–89. Mr. Kendzior's opinions do not assist the trier of fact in understanding the evidence, but rather embrace the ultimate issue—defendant's negligence.

Finally, opinion No (5), concerning the length of time the water had been on the floor and the likelihood of the fall being prevented had it been detected, involves the determination of facts and

the drawing of inferences which is exclusively the province of the jury and about which no expert opinion is necessary or helpful. Determinations of how long the water had been on the floor and the relative likelihood of detection and therefore prevention do not require the testimony of an expert, but are well-within the common knowledge and experience of jurors. The court will not permit Mr. Kendzior to usurp the jury's function by asserting facts in the form of "expert" opinion. Moreover, as with Mr. Kendzior's other opinions, plaintiff offers no reliable basis for this opinion.

Generally, questions concerning an expert's experience and the factual basis and sources of an expert's opinion affect the weight to be assigned to that opinion rather than its admissibility. *United States v. Varoz*, 740 F.2d 772, 775 (10th Cir. 1984). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. Here, however, the court is convinced that Mr. Kendzior's testimony is not reliable, and should not be presented to the jury.

In sum, even if Mr. Kendzior is capable of providing specialized knowledge based on his experience in the flooring industry and in the field of slip-and-fall prevention, the opinions Mr. Kendzior offers in this case either state a legal conclusion, or lack reliability because they are not based on sufficient facts, or other relevant data, or on any industry standards. The plaintiff has failed to establish that the opinions offered here, to the extent they might be permissible, are the product of reliable principles and methods reliably applied to the facts of this case or that they have any demonstrably sound or reliable foundation.

**IT IS THEREFORE ORDERED** that Defendant Wal-Mart's Motion to Exclude the Expert Testimony of Mr. Kendzior (Doc. 19) is granted for the reasons set out above.

**IT IS FURTHER ORDERED** that Defendant Wal-Mart's Motion to Exclude the Expert

Testimony of Dr. Palmeri (Doc. 24) is granted as unopposed.

Dated this 5th day of May 2010, at Kansas City, Kansas.

s/ Carlos Murguia<br>
**CARLOS MURGUIA**<br>
**United States District Judge**