IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMY PARKER,

           Plaintiff,                                    Civil Action No.

vs.                                                      09-2140-CM-GLR

WAL-MART STORES, INC.,

           Defendant.

## REPORT AND RECOMMENDATION

### NOTICE

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file specific written objections to such proposed findings and recommendations, including any findings of fact and conclusions of law. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

### REPORT AND PROPOSED FINDINGS

This matter comes before the Court upon Plaintiff's Motion to Resolve Liens and to Allow Settlement Proceeds Paid into Court (ECF No. 32). Plaintiff advises that the parties have entered into a settlement agreement to resolve this matter. The agreement requires Defendant to pay into the Clerk of the Court money in the amount of the settlement and provides for determination of medical liens that have been filed to be resolved by the Court. The motion requests that the Court authorize the Clerk to receive the settlement funds and to disburse them, pursuant to order to be

entered after a hearing to determine the nature and extent of the medical liens. By Minute Order dated July 23, 2010,[1] District Judge Murguia referred the motion to the undersigned Magistrate Judge for report and recommendation.

On September 8, 2010, the Magistrate Judge conducted an evidentiary hearing to determine the nature and extent of any medical liens. Plaintiff appeared in person and by her attorney Michael L. Hodges. Defendant appeared by its attorney James R. Jarrow. There were no other appearances. Plaintiff did cause a Notice of Lien Hearing (ECF No. 35) to be mailed to non-party Providence Medical Center, specifically to Ron Christensen, Director/Patient Accounts.

As set forth below, the Magistrate Judge recommends that the motion be granted and an order entered: (1) to authorize Defendant to pay into the Clerk of Court the settlement proceeds; and (2) directing the Clerk of the Court, after receipt of the settlement proceeds from Defendant, to disburse $5,100 of the funds to Providence Medical Center and to disburse the remaining amount of the funds to Plaintiff and her attorney, subject to any court costs.

**I.     Findings of Fact**

The Magistrate Judge proposes the following findings of fact, relevant to the instant motion:

In this action Plaintiff has sued for money damages, resulting from her slip and fall at the Wal-Mart Supercenter in Shawnee, Kansas, on June 16, 2007. Plaintiff alleges Defendant was negligent in its care and maintenance of the premises and that its negligence directly caused her to slip and fall. Defendant has denied liability. In Section 10a of the Pretrial Order,[2] Plaintiff claimed non-economic losses in an amount not to exceed $500,000, which includes pain, suffering, mental

---

[1] ECF No. 33.

[2] EFC No. 23.

anguish, disfigurement and loss of enjoyment of life. In addition, she claimed economic damages in the amount of $205,594, future medical bills in the amount of $50,000, and lost income in the amount of $95,000. The parties have now settled the case. By the terms of the settlement Defendant, upon further order of the Court, will pay for the benefit of Plaintiff $100,000, which is to include satisfaction of any outstanding medical liens.

As already noted, Plaintiff served a Notice of Lien Hearing on the Director of Patient Accounts at Providence Medical Center on August 12, 2010.[3] The Notice provided the date, time, and place of the hearing before the Magistrate Judge. The notice further stated that:

> The purpose of the hearing is to determine the nature and extent, if any, of any and all liens filed or which could be filed relative to a settlement of the captioned matter. Any party asserting such lien must appear at that time to establish their lien and present whatever evidence is necessary for the purpose of establishing the lien. Failure to do so will result in denial of any lien claim. The hearing will be the sort contemplated by K.S.A. 65-406(c).

At the hearing on September 8, 2010, upon the offer of Defendant, the Court admitted Exhibit A, the billing statement of Pura Vida Therapy, LLC. The billing statement indicates that therapy evaluation, manual therapy and ultrasound services were rendered to Plaintiff during the period June 29, 2007 through July 9, 2007. The billing statement bears the date August 19, 2009. It shows a total account balance of $450. Defendant concedes this bill is not for services rendered by a hospital and that there is no evidence that it is the subject of a lien.

Plaintiff advised the Court that Providence Medical Center has filed a lien in Wyandotte County, Kansas, in the amount of $21,374.11, pursuant to K.S.A. 65-406. That lien is for medical expenses incurred by Plaintiff, some but not all of which are related to the instant litigation and

---

[3]*See* Notice of Lien Hearing (ECF No. 35).

specifically to medical care attributable to the instant claim of Plaintiff. Plaintiff concedes that at least $5,000 reasonably relates to medical expenses from her claim against Defendant. She contends she has incurred medical bills in excess of $200,000 as a result of her claim. Counsel for Plaintiff expressed the opinion that a verdict in her favor after trial could reasonably result in a finding of total damages between $600,000 and $700,000, including both medical bills and intangible damages. If this case were tried and not settled, Plaintiff in his opinion would have approximately a 25 per cent chance of a verdict finding her own negligence at less than 50 per cent and, consequently, for a judgment favorable to her against Defendant. Defendant expressed no contrary opinion to these suggestions.

## II.     Legal Standard

The Kansas hospital lien statutes are set forth in K.S.A. 65-406 through 408. K.S.A. 65-406(a) gives hospitals furnishing medical services to a patient a lien against any recovery, either by judgment or settlement, by the patient against the party who caused such injuries. It provides that:

> (a) Every hospital, which furnishes emergency, medical or other service to any patient injured by reason of an accident not covered by the workers compensation act, if such injured party asserts or maintains a claim against another for damages on account of such injuries, shall have a lien upon that part going or belonging to such patient of any recovery or sum had or collected or to be collected by such patient, or by such patient's heirs, personal representatives or next of kin in the case of such patient's death, whether by judgment or by settlement or compromise.

Subsection (b) limits the amount that a hospital can recover on its lien to "the amount of the reasonable and necessary charges of such hospital for the treatment, care and maintenance of such patient in such hospital up to the date of payment of such damages."[4]  Subsection (c) further

---

[4] K.S.A. 65-406(b).

4

provides: ". . . In the event the claimed lien is for a sum in excess of $5,000 the first $5,000 of the claimed lien shall be fully enforceable as contemplated by subsection (a) of this section, and that part of the claimed lien in excess of $5,000 shall only be enforceable to the extent that its enforcement constitutes an equitable distribution of any settlement or judgment under the circumstances."[5]

K.S.A. 65-407 sets out the procedure for the hospital to establish a lien. Among other requirements, the hospital must file "a written notice containing an itemized statement of all claims, the name and address of the injured person, the date of the accident, the name and location of the hospital, and the name of the person or persons, firm or firms, corporation or corporations alleged to be liable to the injured party for the injuries received." This notice is to be filed in the office of the clerk of the district court of the county in which such hospital is located.[6] It must be filed prior to the payment of any moneys to such injured person.[7] The hospital also must send a copy of the lien notice and statement of the filing date to the persons alleged to be liable.[8]

K.S.A. 65-408 provides a one-year limitation on actions against any person making payment to a patient as compensation for the injuries sustained. It provides that:

> Any person or persons, firm or firms, corporation or corporations, including an insurance carrier, making any payment to such patient or to his attorneys or heirs or legal representatives as compensation for the injury sustained, after the filing and mailing of such notice without paying to such hospital the amount of its lien or so much thereof as can be satisfied out of the moneys due under any final judgment or compromise or settlement agreement, after paying the amount of any prior liens,

---

[5] K.S.A. 65-406(c).

[6] K.S.A. 65-407.

[7] *Id.*

[8] *Id.*

5

shall, for a period of one year from the date of payment to such patient or his heirs, attorneys or legal representatives, as aforesaid; be and remain liable to such hospital for the amount which such hospital was entitled to receive as aforesaid; any such association, corporation or other institution maintaining such hospital may, within such period, enforce its lien by a suit at law against such person or persons, firm or firms, corporation or corporations making any such payment.[9]

**III.   Medical Bills and Liens**

    **A.   Billing statement by Pura Vida Therapy, LLC**

Defendant asks that $450 billing statement account balance of Pura Vida Therapy, LLC be paid by the Clerk of the Court out of the settlement proceeds. Plaintiff submits that the Court should not order the Clerk to pay $450 out of the settlement proceeds. She asks that the Court find that the Pura Vida Therapy, LLC bill is not a hospital lien under K.S.A. 65-406. She contends that the statute is limited to liens by hospitals and would not apply to Pura Vida Therapy, LLC as it is not a hospital.

The undersigned Magistrate Judge finds that the provisions of K.S.A. 65-406 do not apply to the bill of Pura Vida Therapy, LLC, because that entity is not a hospital. There is no showing that Pura Vida Therapy, LLC has a statutory lien under K.S.A. 65-406 against the settlement proceeds. There is no evidence that the billing statement has been filed as a lien. Nor has there been any showing that the Pura Vida Therapy, LLC billing statement dated August 19, 2009 remains outstanding and payable. The Magistrate Judge therefore recommends that the request of Defendant be denied and that the Clerk not be ordered to disburse $450 to Pura Vida Therapy, LLC.

    **B.   Providence Medical Center**

Plaintiff agrees that Providence Medical Center has filed a notice of a lien in Wyandotte

---

[9]K.S.A. 65-408.

County, Kansas, in the amount of $21,374.11. She admits that K.S.A. 65-406 applies to the lien, as Providence Medical Center is a hospital. She contends that the Court should disallow the lien, because of the failure of Providence Medical Center to appear for the hearing to enforce the lien. She does not dispute that $5,000 of the lien is otherwise enforceable under K.S.A. 65-406.

Plaintiff served a notice upon lien holder Providence Medical Center regarding the parties' motion to determine the nature and extent of the medical liens and to authorize apportionment of settlement proceeds. Neither Plaintiff nor Defendant has suggested that the notice is insufficient. The Court does not otherwise know of any other notice requirements to Providence as a hospital lien holder under K.S.A. 65-406.

As both Plaintiff and Defendant acknowledge the Providence lien and do not dispute its enforceability up to the amount of $5,000, the Magistrate Judge finds that the first $5,000 of the lien of the Providence Medical Center should be paid out of the settlement proceeds, pursuant to K.S.A. 65-406(c). For the remaining amount in excess of $5,000, the lien is enforceable only to the extent that it constitutes an "equitable distribution of any settlement . . . under the circumstances."[10] The parties concede that the lien has been filed. They admit its validity as a hospital lien under the Kansas statute. The Court, consequently, should deny the request that it be disallowed for failure of the lienholder to appear for the hearing.

If the Court enforces the lien of Providence Medical Center, pursuant to K.S.A. 65-406(c), against the first $5,000 of the settlement proceeds, $95,000 will remain for "equitable distribution."

---

[10]K.S.A. 65-406(c). *See also Kearny Cnty. Hosp. v. Allstate Ins. Co.*, 38 Kan. App. 2d 641, 652, 170 P.2d 900, 909 (2007) ("under K.S.A. 65-406(c), the first $5,000 of a properly-filed hospital lien is fully enforceable. Nevertheless, any amount of the hospital lien over $5,000 is enforceable only to the extent that such enforcement is an equitable distribution of any settlement or judgment under the circumstances").

In his case, Plaintiff sought non-economic damages up to $500,000, economic damages of $205,594, future medical bills of $50,000, and lost income of $95,000. Her total amount of damages claimed equals $850,594. If the case were tried to a verdict favorable for Plaintiff to the extent of $600,000, the lower estimate of counsel, the ratio of the current settlement of $100,000 to such a verdict is 1 to 6. An application of that ratio to the total Providence lien of $21,374.11 would reduce it to $3,562.35. These calculations, of course, do not consider the contention that part of the Providence lien is attributable to medical services unrelated to the instant claim. Nor do they consider that the lien should be reduced by a proportionate share of Plaintiff's attorney fees. An appropriate consideration is the likelihood that proceeding to trial could result in a verdict favorable to Defendant and, consequently, no recovery to Plaintiff.

For the foregoing reasons, the Magistrate Judge finds that an equitable distribution of the remaining settlement proceeds of $95,000 should allow the remainder to be distributed to the Plaintiff and her attorney, subject only to a nominal, additional distribution of $100 to be added to the $5,000 and thus to satisfy the lien of Providence Medical Center. Accordingly, the Magistrate Judge recommends that an order be entered to direct the Clerk of the Court, after receipt of the settlement proceeds of $100,000 from Defendant, to disburse $5,100 of the funds payable to Providence Medical Center and the remainder to Plaintiff and her attorney, subject to any assessable court costs.

## **RECOMMENDATION**

The undersigned Magistrate Judge respectfully recommends that Plaintiff's Motion to Resolve Liens and to Allow Settlement Proceeds Paid into Court (ECF No. 32) be GRANTED without objection. He recommends that the medical bill of Pura Via Therapy, LLC be denied as not

a valid lien against the settlement proceeds. He further recommends that an order be entered: (1) to authorize Defendant to pay into the Clerk of Court the total amount of the settlement proceeds of $100,000; and (2) to direct the Clerk of the Court, after receipt of the settlement proceeds from Defendant, to disburse $5,100 therefrom to Providence Medical Center, 8929 Parallel Parkway, Kansas City, Kansas 66112-3607, as satisfaction of its hospital lien under K.S.A. 65-406 for services rendered to the Plaintiff Amy Parker, and to disburse the remaining amount of the settlement proceeds to Plaintiff and her attorney, subject to any court costs.

Dated in Kansas City, Kansas, this 20th day of September 2010.

S/ Gerald L. Rushfelt  
Gerald L. Rushfelt  
U.S. Magistrate Judge
